USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _6/10/26_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ENTREX, INC.,                                    :
                                                 :
                              Plaintiff,          :      Case No. 1:25-cv-01338-VM
                                                 :
              - against -                         :
                                                 :      **CONFIDENTIALITY**
THE LAUNDRESS, LLC F/K/A THE                     :      **STIPULATION AND PROTECTIVE**
LAUNDRESS, INC.,                                 :      **ORDER**
                                                 :
                              Defendant.          :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party may designate any document or information, in whole or in part

   a.   as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

   b.   as "Highly Confidential - Attorneys' Eyes Only Information" if counsel determines, in good faith that such designation is necessary because the document or information is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in Section 5 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the producing party. A designation of "Highly Confidential - Attorneys' Eyes Only Information" constitutes a representation that such information has been reviewed by counsel for the producing party and that there is a valid basis for such a designation. Information and documents designated by a party as Highly Confidential - Attorneys' Eyes Only Information will be stamped "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION."

2.      The "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" disclosed will be held and used by the person receiving such information solely for use in connection with the action.

1

3.      A party may challenge another party's designation of "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" by sending written notice to counsel via email. Counsel shall make a good faith effort to resolve the dispute without Court intervention. If the non-challenging party does not agree to declassify the document or information within seven (7) days of such notice, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information."

4.      Unless otherwise ordered by the Court, or agreed to in writing by the producing party, documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.      The requesting party, including its officers, directors, employees, and in-house counsel (to the extent applicable) and outside counsel;

b.      Employees of such outside counsel assigned to and necessary to assist in the litigation;

c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel;

d.      The Court (including a mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

e.      Deposition and trial witnesses.

5.      Unless otherwise ordered by the Court, or agreed to in writing by the producing party, documents designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION" shall not be disclosed to any person except:

a.      Outside counsel for the parties to this action;

b.      Employees of such outside counsel assigned to and necessary to assist in the litigation;

c.      In-house counsel for the parties to this action;

d.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel;

e.      The Court (including a mediator, or other person having access to any Highly Confidential – Attorneys' Eyes Only Information by virtue of his or her position with the Court);

f.      Deposition and trial witnesses who are employees of the producing party during the offering of such witnesses' deposition and/or trial testimony, as applicable; and

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6. Prior to disclosing or displaying "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" to those persons identified in Section 4(c), 4(e), 5(d), or 5(f), outside counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. Unless otherwise designated during the deposition, all depositions shall presumptively be treated as "Confidential Information" and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, any party may designate a portion or all of a deposition transcript as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only Information" by delivering written notice via email to counsel.

8. The disclosure of a document or information without designating it as "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" shall not constitute a waiver of the right to designate such document or information as "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information." If so designated, the document or information shall thenceforth be treated as "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" as the case may be, subject to all the terms of this Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, and the documents and/or information containing PII are subject to said data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(b) and (d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.     Notwithstanding the designation of information as "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12.     At the conclusion of litigation, upon request of the producing party, "Confidential Information" and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13.     Nothing herein shall preclude the parties from disclosing material designated to be "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" if otherwise required by law or pursuant to a valid subpoena; however, such party must (a) give written notice by email to the counsel for the producing party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the producing party five (5) business days to object to the production of such "Confidential Information," if the producing party so desires.

SO STIPULATED AND AGREED

SLARSKEY LLC                                        HORN WRIGHT, LLP


By: */s/Renee Bea*                                  By: */s/Richard Pawelcyzk*
Renee Bea                                           Richard Pawelcyzk
767 Third Avenue, 14th Floor                        400 Garden City Plaza, Suite 500
New York, New York 10017                            Garden City, New York 11530

*Counsel for The Laundress*                         *Counsel for Entrex*


Dated: New York, New York
       June 9, 2026

                                                    SO ORDERED.

                                                    _____
                                                    Victor Marrero
                                                    United States District Judge

4

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| ENTREX, INC., | : |
| | : |
| Plaintiff, | :   Case No. 1:25-cv-01338-VM |
| | : |
| - against - | : |
| | :   **AGREEMENT TO BE BOUND BY** |
| THE LAUNDRESS, LLC F/K/A THE | :   **CONFIDENTIALITY STIPULATION** |
| LAUNDRESS, INC., | :   **AND PROTECTIVE ORDER** |
| | : |
| Defendant. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I,_____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the address of my present employment is: _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understood the provisions of the Confidentiality Stipulation and Protective Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Stipulation and Protective Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Stipulation and Protective Order any documents or information designated "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" or any words, summaries, abstracts, or indices of documents or information designated "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" disclosed to me.

6.      I will limit use of documents or information designated "Confidential Information"

5

and/or "Highly Confidential – Attorneys' Eyes Only Information" disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all documents or information designated "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Name: _____          Dated: _____