UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENTREX, INC.,

Plaintiff,

-against-

THE LAUNDRESS, LLC f/k/a THE LAUNDRESS, INC.,

Defendant.

25-CV-1338 (VM) (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

I previously compelled Plaintiff to provide certain overdue discovery to Defendant. (ECF 55, Order at 1.) Pending before the Court is Defendant's motion for its reasonable fees in connection with its motion to compel. (ECF 57, Letter Motion at 1.) I ordered Plaintiff and his counsel to pay Defendant's reasonable fees and expenses incurred in obtaining discovery to which it was entitled. After the parties were unable to agree on the amount of the fee award, Defendant made the pending motion for $47,489.00 in attorneys' fees, which Plaintiff opposes, plus $3,419.81 in reimbursement for vendor costs, which Plaintiff does not oppose paying. (ECF 61, Letter Response at 7.) After carefully reviewing the parties' submissions, I will award Defendant a total a total of **$21,218.71**, composed of: (a) **$15,168.80** for reasonable attorneys' fees incurred in preparing and pursuing the discovery letter-motion; (b) an additional **$2,630.10** for the reasonable fees incurred in connection with the present application; and (c) **$3,419.81** in reimbursement for vendor costs. Payment by Plaintiff and its counsel is to be made within 30 days of the date of this order.

## I.

## THE FEE APPLICATION

On October 13, 2026, Defendant filed its fee motion, supported by the declaration of Renee Bea, a senior partner at her firm, attaching, among other materials, a summary of staff and

attorney hours spent on discovery issues and the present application. (*See* ECF 58, Declaration of Renee Bea ("Bea Decl."); ECF 58-4, Summary of Attorney and Staff Time ("Time Summary").) Defendant seeks $47,489.00 in attorneys' fees, which represents 82.6 hours of work after counsel wrote off approximately 19.6 hours of time (18.8 hours for the discovery dispute and 0.8 hours for this application) and $14,843.00 in fees. Of the 82.6 hours included in the fee application, 67.4 hours were spent on the underlying discovery dispute and 15.2 hours on the fee application itself; the hours were billed by two lawyers, Bea (15 hours at $825 per hour) and senior associate Anthony LoMonaco (61.2 hours at $545 per hour), a law student, Grace Theodoly (3.8 hours at $275 per hour), and a paralegal, Cecilia Smith (2.6 hours at $275 per hour). (*See* ECF 58, Bea Decl. ¶¶ 27-28; ECF 58-4, Time Summary.)[1] Bea states that the rates are discounted and that Slarskey's market (non-discounted) rates have previously been found reasonable. (ECF 58, Bea Decl. ¶ 26.).

On October 20, 2026, Plaintiff filed its memorandum of law arguing that the fees awarded should be capped at $4800.00 for approximately 10 hours of work, because the work performed by Defendant's counsel was duplicative and the rates are excessive. (*See* ECF 61, Letter Response at 7.)

---

1 Counsel wrote off time for all work by performed by a second paralegal, Brooklyn Hollander. While the Bea Declaration states that Defendant wrote off $15,335.00 in fees, the Time Summary reflects that the $15,335.00 figure includes amounts that were meant to be partial write-offs of three time-entries (*see* ECF 58-4, Time Summary at 2); the dollar amounts for those partial write-offs were not subtracted from the amount charged.

## II.

## ANALYSIS

I must determine the fees reasonably incurred by Defendant for counsel's legal work within the scope of the October 2, 2026 Order. I conduct a "lodestar" analysis, multiplying "the relevant attorneys' reasonable hours spent on compensable tasks by a reasonable hourly rate for the services performed, so as to determine a presumptively reasonable fee." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 18-CV-4437 (JGK) (BCM), 2021 WL 1549916, at *2 (S.D.N.Y. Apr. 20, 2021) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)).[2]

### A. Hourly Rates

At the first stage of the lodestar analysis, the Court determines "the reasonable hourly rate for each timekeeper for whom fees are sought." *Karsch v. Blink Health Ltd.*, No. 17-CV-3880 (VM) (BCM), 2019 WL 6998563, at *2 (S.D.N.Y. Dec. 20, 2019). The fee applicant "bears the burden of produc[ing] satisfactory evidence that its requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD) (FM), 2015 WL 6666703, at *4 (S.D.N.Y. Oct. 28, 2015).

---

[2] Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, and alterations from quoted text.

Plaintiff argues that the rates charged by Defendant's counsel are excessive, citing lower hourly rates approved in a civil rights case. (*See* ECF 61, Letter Response at 5 (citing *Greenburger v. Roundtree*, No. 17-CV-3295 (PGG) (SLC), 2020 WL 4746460, at *6 (S.D.N.Y. Aug. 16, 2020)).) However, this case involves a commercial dispute, which means that the proper comparators are cases involving rates in commercial cases rather than civil rights litigation. *See Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.,* 23-CV-5262 (LJL), 2024 WL 3409278, at *5 (S.D.N.Y. July 15, 2024) ("Courts also look to the area of legal practice at issue, because legal markets are today so interconnected that it is no longer meaningful . . . to look at geographic location alone.").

Given counsel's experience and qualifications (*see* ECF 58, Bea Decl. ¶¶ 3-6, 23-25), the rates are reasonable for commercial litigators in the Southern District of New York, except that the hourly rate of $275 for a paralegal and for a law student is excessive and must be reduced to $150. *See Craig v. UMG Recordings, Inc*., No. 16-CV-5439 (JPO), 2019 WL 2992043, at *5 (S.D.N.Y. July 9, 2019) (finding $828 per hour for a partner and $550 per hour for senior associate reasonable in a commercial case); *Prime Contractors Inc. v. APS Contractors Inc*., 786 F. Supp. 3d 524, 552 (E.D.N.Y. June 9, 2025) (finding hourly rate of $150 for a paralegal was reasonable); *Larsen v. JBC Legal Group, P.C.*, 588 F. Supp. 2d 360, 364 (E.D.N.Y. Dec. 3, 2008) ("While often performing the work of an attorney, a summer associate is not an attorney but instead is still a law student and students are generally billed at rates similar to those of paralegals.").[3]

---

[3] The Laundress's counsel's rates are also reasonable because, as attested to in the Bea Declaration, these are the rates that The Laundress actually paid, and the firm's rates have been deemed reasonable by other courts. (*See* ECF 58, Bea Decl. ¶¶ 3-6, 29.) *See also Uttarwar v. Lazard Asset Mgmt. LLC*, No. 22-CV-8139 (DEH), 2025 WL 3205467, at *3 (S.D.N.Y. Nov. 17, 2025) ("[W]here rates are both actually paid by a sophisticated client and of the level that counsel would

**B. Number of Hours Spent**

At the second stage of the lodestar analysis, the Court determines the reasonable number of hours spent on compensable tasks. *See Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (AT) (BCM), 2026 WL 948730, at *3 (S.D.N.Y. April 8, 2026); *Karsch*, 2019 WL 6998563, at *4. Hours that are excessive, redundant, or otherwise unnecessary must be excluded. *Charlestown Cap. Advisors*, 2021 WL 1549916 at *5. "Attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." *StoneX Group, Inc. v. Shipman*, No. 23-CV-0613 (JGK) (VF), 2025 WL 1212165, at *6 (S.D.N.Y. Apr. 25, 2025) (quoting *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983)).

"[T]he law does not require a line-item review of fee applications." *O'Toole v. Allied Interstate, LLC,* No. 12-CV-4942 (WHP), 2012 WL 6197086, at *1 (S.D.N.Y. Dec. 12, 2012). Rather, if the court finds the requested hours excessive, redundant, or otherwise unnecessary, it "may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *McDonald ex rel. Pendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). I conclude that the total of 83.4 hours billed (ECF 57, Letter Motion at 3) is excessive, given the routine nature of the discovery dispute and the uncomplicated fee application; I therefore apply appropriate percentage reductions.

normally charge for the performed work, there is strong evidence that said rates are reasonable."); *Pursuit Credit Special Opportunity Fund, L.P. v. Krunchcash, LLC*, 227 A.D.3d 628, 629 (1st Dep't 2024) (affirming Slarskey LLC fee award).

1. <u>Discovery Motion</u>

Defendant seeks $38,055.00 in fees for a total of 67.4 hours spent on the underlying discovery motion, which entailed researching and drafting multiple letters including a motion to compel and deficiency letter, meeting, conferring and corresponding with opposing counsel, and preparation for argument. (*See* ECF 58-4, Summary.) Plaintiff accuses counsel of block billing and asks the Court to "distinguish work attributable to the motion to compel and the meet and confer from work on other discovery issues." (ECF 61, Letter Response at 3.) Plaintiff faults counsel for billing 12.4 hours "for a single deficiency letter" and for spending 10.6 hours drafting the letter motion, even without time spent on later revisions. (*Id.*) And Plaintiff complains that counsel spent nearly eight hours to prepare for an argument that lasted less than a half hour. (*Id.*) Plaintiff concludes that counsel should not have spent more than about eight hours on the discovery dispute. (*See id.* at 5.)

I agree that the tasks necessary for litigating this discovery should not have required 67.4 hours – the dispute, which involved Plaintiff's failure to produce the metadata or load files required by the Court-ordered ESI Protocol and Plaintiffs' production without review of tens of thousands of non-responsive documents, was not factually or legally complex. (*See* ECF 57, Letter Motion, at 1.) It was therefore unreasonable for counsel to spend 67.4 hours, including 11.3 hours by Bea, 51.1 hours by LoMonaco, 3.8 hours by summer associate Theodoly, and 1.2 hours by paralegal Smith, to meet and confer, write the letter-motion, and prepare for and attend the October 2, 2026 discovery conference. *See, e.g.*, *Sussman Sales Co., Inc., v. VWR Int'l, LLC*, No. 20-CV-2869 (LTS) (BCM), 2026 WL 2475080, at *1-6 (S.D.N.Y. Aug. 21, 2026) (finding 55.2 hours,

including 36.4 hours spent preparing two letters and 15.3 hours preparing for and attending a discovery conference on a noncomplex discovery dispute, to be excessive); *Magar v. Tika Indian Rest. LLC*, No. 24-CV-1564 (SFR), 2025 WL 1381876, at *3-4 (D. Conn. May 13, 2025) (reducing compensable time from 19.7 hours to 6.8 hours for litigating "two exceptionally simple motions," including a motion to compel discovery previously ordered by the court and a fee motion); *Roth v. Cheesecake Factory Restaurants, Inc.*, No. 19-CV-6570 (GBD) (BCM), 2020 WL 1816196, at *1-3 (S.D.N.Y. Apr. 10, 2020) (reducing compensable time from 10.73 hours to 9.5 hours for the plaintiff's preparation of three discovery letter-briefs that resulted in an order compelling the defendant to produce video footage that it previously claimed not to possess); *KGK Jewelry LLC v. ESDNetwork*, No. 11-CV-9236 (LTS) (RLE), 2015 WL 2129703, at *3 (S.D.N.Y. May 6, 2015) (reducing compensable hours by 40% "[g]iven the straightforward nature of the sanctioned conduct"); *Romeo & Juliette Laser Hair Removal*, *Inc., v. Assara, I, LLC*, No. 08-CV-0442 (TPG) (FM), 2013 WL 3322249, at *6, *8 (S.D.N.Y. July 2, 2013) (reducing compensable time of attorney who prepared three discovery letters and attended a conference by 75%, to 19.579 hours, where the letters "concerned only basic issues, were not substantive, and did not require a great deal of legal research"); *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 276 F.R.D. 105, 111-12 (S.D.N.Y. 2011) (reducing compensable time from 33 hours to 20 hours for the preparation of a motion to compel discovery, "[g]iven the relative simplicity of the motion"); *Rich Prods. Corp. v. Impress Indus., Inc.*, No. 05-CV-187S (LDH), 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008) (reducing compensable time from 7.6 hours to three hours for preparing a motion to compel that was "not unusual or complex," and reducing compensable time for the reply brief from 13.8 hours to nine hours).

However, Plaintiff's suggestion that eight hours would have been sufficient for counsel to litigate the discovery dispute grossly underestimates the amount of time it takes to prepare a well-supported motion to compel. I conclude that a 60% reduction to counsel's hours spent litigating the underlying discovery dispute is appropriate. The reasonable fees are as follows:

| **Timekeeper** | **Reasonable Hourly Rate** | **Hours Billed** | **Hours After Write-Off** | **Reasonable Hours** | **Reasonable Fee (Reasonable Hourly Rate x Reasonable Hours)** |
|---|---|---|---|---|---|
| Bea | $825.00 | 26.7 | 11.3 | 4.5 | $3,729.00 |
| LoMonaco | $545.00 | 54.0 | 51.1 | 20.4 | $11,139.80 |
| Theodoly | $150.00 | 3.8 | 3.8 | 1.5 | $228.00 |
| Smith | $150.00 | 1.2 | 1.2 | 0.5 | $72.00 |
| Hollander | $125.00 | 0.5 | 0 | 0 | $0.0 |
| **TOTAL** | | **86.2** | **67.4** | **26.9** | **$15,168.80** |

2. Fee Application

Defendant seeks a further $8,942.00 in fees for preparing this fee application. (*See* ECF 58-4, Time Summary.) Contrary to Plaintiff's position that Defendant should not recover the fees spent on this fee application (ECF 61, Letter Response at 3), it is well-settled that "[a]ttorneys are generally entitled to recover the reasonable cost of making a fee application." *SA Luxury Expeditions, LLC v. Schleien*, No. 22-CV-3825 (VEC), 2023 WL 8072914, at *4 (S.D.N.Y. Nov. 21, 2023). However, the legal standards governing fee applications in this Circuit are also well settled. While preparation of this fee application required Defendant's counsel to assemble and prepare its billing materials for the underlying discovery dispute (and this application) and to support the

reasonableness of the staffing decisions made and hours devoted to those matters, the total of 15.2 hours spent by attorneys and paralegal Smith on an uncomplicated fee application appears excessive. *See SA Luxury Expeditions*, 2023 WL 8072914, at *4 (finding 9.6 hours spent preparing a fee application "excessive" and applying a 50% reduction); *Best Payphones, Inc. v. Dobrin*, No. 01-CV-3934 (LDH) (ST), 2017 WL 11456613, at *4 (E.D.N.Y. June 27, 2017) (reducing compensable hours for fee application by New York City from 8 hours to 5 hours, in part because the legal arguments contained in the application "have likely been made by the New York City Law Department on numerous occasions in the past" and were "straightforward and simple"). I conclude that a 70% reduction to counsel's hours spent preparing this fee application is appropriate. The reasonable fees are as follows:

| **Timekeeper** | **Reasonable Hourly Rate** | **Hours Billed** | **Hours After Write-Off** | **Reasonable Hours** | **Reasonable Fee (Reasonable Hourly Rate x Reasonable Hours)** |
|---|---|---|---|---|---|
| Bea | $825.00 | 4.2 | 3.7 | 1.1 | $915.75 |
| LoMonaco | $545.00 | 10.1 | 10.1 | 3.0 | $1.651.35 |
| Theodoly | $150.00 | 0 | 0 | 0 | $0.00 |
| Smith | $150.00 | 1.7 | 1.4 | 0.4 | $63.00 |
| Hollander | $125.00 | 0 | 0 | 0 | $0.00 |
| **<u>TOTAL</u>** | | **16** | **15.2** | **4.5** | **$2,630.10** |

## <u>Conclusion</u>

For the reasons stated above, Plaintiff and its counsel must pay Defendant a total of **$21,218.71**, composed of: (a) **$15,168.80** for reasonable attorneys' fees incurred in preparing and

pursuing the discovery letter-motion; (b) an additional **$2,630.10** for the reasonable fees incurred in connection with the present application; and (c) **$3,419.81** in reimbursement for vendor costs. Payment is to be made within 30 days.

The Clerk of Court is respectfully requested to terminate ECF 57.

Dated: October 29, 2026
New York, NY

**So Ordered,**

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**